IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-35397 |
| | § | |
| SW MANAGEMENT SERVICES, INC | § | (Chapter 7) |
| | § | |
| DEBTOR | § | |

### NOTICE OF ABANDONMENT OR DISPOSITION OF PROPERTY

**NOTICE PURSUANT TO LOCAL RULE 9013**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

You are hereby notified that the Trustee of the above-captioned estate intends to abandon property of the estate not less than twenty-one (21) days from the date hereof for the reason that such property is burdensome or is of inconsequential value to the estate, pursuant to 11 U.S.C. §554(a).  This notice shall serve as the Trustee's Application to Abandon Property of the estate.  The property which is to be abandoned is described as follows:

Default judgment against Stanley Weiner in the amount of $198,378.99.  The Trustee believes the judgment is currently uncollectible for the following reasons. Mr. Weiner previously purchased numerous parcels of real property using a combination of cash and secured debt.  Mr. Weiner used cash taken from the Debtor to pay the debt obligations which were secured by the real property.  After the Debtor filed for bankruptcy, Mr. Weiner was no longer able to use the Debtor to pay down the secured debt.  Shortly after the Trustee was awarded the default judgment, many of these properties were foreclosed and Mr. Weiner did not recover anything from the foreclosure sales.  In addition, the IRS had garnished Mr. Weiner's bank accounts and has begun garnishing Mr. Weiner's social security payments.  Mr. Weiner currently does not have regular employment but is assisting his wife in running a hot dog restaurant that she recently opened.

The Trustee has attempted to sell the judgment and has marketed the judgment to several parties but due to the factors described above, the Trustee has not received any offers for the purchase of the judgment.

DATED: April 25, 2013.

/s/ Lowell T. Cage, Trustee
_____
LOWELL T. CAGE, TRUSTEE

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone: 713-789-0500
Telecopier: 713-974-0344

## CERTIFICATE OF SERVICE

I hereby certify that on or before the 26th day of April, 2013, pursuant to Local Bankruptcy Rules 2002 and 9013, a true and correct copy of the attached Notice to Abandon Property was sent via United States Mail, postage prepaid, to entities listed on the attached service list and via BK/ECF to those parties requesting notice whose names appear below.

Parties requesting notice:

| | |
|---|---|
| Jay W. Hurst | Boardroom Fulbright Real Estate Holdings, Inc. |
| Assistant Attorney General | c/o Daniel Jackson |
| Bankruptcy & Collections Division | Emmons & Jackson, PC |
| PO Box 12548 | 3900 Essex Lane, Suite 1116 |
| Austin, Texas 78711-2548 | Houston, Texas 77027 |
| jay.hurst@texasattorneygeneral.gov | daniel@emmonsjackson.com |

Harris County
c/o John Dillman
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, Texas 77253
houston_bankruptcy@publicans.com

/s/ *Elizabeth Medley*
_____
ELIZABETH MEDLEY